UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IVORY WADE,
        Plaintiff,

v.                                       Case No. 09-C-0779

LT. SWIEKATOWSKI and
CAPTAIN DELVAUX,
        Defendants.

## DECISION AND ORDER

Plaintiff Ivory Wade has filed an action pursuant to 42 U.S.C. § 1983 against Lieutenant Swiekatowski and Captain Delvaux, both of whom are security officers at Green Bay Correctional Institution ("GBCI"). Plaintiff asserts that during the time that he was incarcerated at GBCI (he has since been released), defendants violated his Eighth Amendment rights. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, without prepaying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence.  Upon review of his affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915.  Therefore, his motion to proceed in forma pauperis will be granted.

In his complaint, plaintiff requests that the court appoint counsel to represent him.  Although civil litigants do not have a constitutional or statutory right to counsel, the court has the discretion to recruit attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1).  Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)).  "As a threshold matter, litigants must make a reasonable attempt to secure private counsel."  Zarnes, 64 F.3d at 288.  Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case.  Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has not provided the court with evidence that he has made a reasonable attempt to secure private counsel.  Plaintiff may file another motion to appoint counsel at a later date, but such motion must be accompanied by a statement showing that plaintiff has attempted to secure private counsel.  The statement must identify the names of the attorneys that plaintiff contacted.

For the reasons stated,

**IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request for the appointment of counsel is **DENIED**.

2

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiffs, however, should provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 14 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge

3