# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

IVORY WADE,

        Plaintiff,

v.                                                                 Case No. 09-CV-779

LT. SWIEKATOWSKI and CAPTAIN DELVAUX,

        Defendants.

_____

## ORDER

On August 12, 2009, plaintiff filed a complaint and motion for leave to proceed in forma pauperis. The events giving rise to plaintiff's complaint occurred while plaintiff was confined to the Green Bay Correctional Institution ("GBCI"). Plaintiff was released from GBCI on August 4, 2009. He was picked up from GBCI by agents of the Department of Community Corrections ("DCC") , and transported to a DCC half-way house.[1] While at the half-way house, plaintiff was not allowed to leave the facility without proper authorization. Plaintiff was at this facility until August 25, 2009.

This case was originally assigned to Judge Adelman, who, on August 14, 2009, granted plaintiff's motion to proceed *in forma pauperis* ("IFP"). Because plaintiff filed this action after his release from GBCI, Judge Adelman did not analyze his IFP motion pursuant to the Prison Litigation Reform Act ("PLRA"). However, this case was transferred to this branch of the court on November 25, 2009. This court,

---

[1] Plaintiff was placed at the Genesis Residential Center at 2436 N. 50th Street, Milwaukee, WI.

upon a review of the record before it, finds that the PLRA does govern the filing of this action.

Unlike other IFP litigants, a prisoner litigant, pursuant to the PLRA, must pay the full amount of the filing fees for his civil action. *See* 28 U.S.C. § 1915(b). A prisoner litigant must also submit a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The court will then assess and collect an initial partial filing fee from the prisoner. The initial filing fee is 20 percent of either the average monthly deposits to the prisoner's trust account, or the average monthly balance for that account for the six-month period prior to the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For the purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. 1915(h). Thus, to determine whether an IFP applicant is a "prisoner" within the meaning of the PLRA, the court must answer two questions: "(1) whether [the plaintiff] [was, at the time of filing,] 'incarcerated or detained in any facility' and (2) if so, whether it [was] as a result of his criminal conviction." *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

At the time Wade filed his complaint, he was detained in the Genesis Residential Center, where he was placed by the DCC after his release from GBCI for violations of Wisconsin Statutes 940.20(1m)(a) and 943.32(1)(b) – each

2

constituting a felony. Thus, Wade was detained in a facility as a result of his criminal conviction. *See generally Witzke v. Femal*, 376 F.3d 744, 752-53 (finding that petitioner's complaints about injuries sustained while at a half-way house were subject to the PLRA's exhaustion requirement, because a half-way house comes within the definition of "any jail, prison, or other correctional facility."). It is true that an Illinois district court, in *Doss v. Gilkey*, 2007 WL 1810514 (S.D. Ill. 2007), has rejected the notion that a suit filed by a plaintiff in a half-way house falls within the parameters of the PLRA. However, the facts in *Doss* were readily distinguishable from those in the instant case. In *Doss*, the plaintiff had been released from a federal correctional institution, given cab fare, and told to report to a half-way house, where he was "subject to certain BOP controls such as periodic urinalysis testing and mandatory counseling sessions." *Id.* at 1. This is in stark contrast to Wade who was transported from GBCI to Genesis by DCC staff, and who was not allowed to leave Genesis without authorization. The plaintiff in *Doss* was arguably essentially a probationer, and thus not confined; the same could not be said for Wade.

The *Doss* court advances a very good argument as to why plaintiffs such as Wade should not be subject to the PLRA, namely the difficulty of administration. First, to assess the initial partial filing fee, the plaintiff must provide a prison trust fund account reflecting six months of activity immediately prior to the filing of the action. This will undoubtedly be difficult, though not necessarily impossible, for a plaintiff such as Wade to provide. Further, the PLRA contemplates a mechanism whereby the place of incarceration collects the balance of the filing fee – often in

3

small increments at a time – and remits such payments to the court. The court has no way of collecting such fees on its own initiative. These difficulties make treating the instant case as being governed by the PLRA very inconvenient; however, inconvenience does not justify ignoring an applicable statute. The court thinks it best to attempt to comply with the PLRA as much as possible in this case (even if full compliance is administratively impossible) rather than simply stating that the PLRA does not apply, when the clear language of the statute states that it does.[2]

Thus, the court directs the plaintiff to present the court with a copy of his prison trust account statement reflecting the activity from his last six months in GBCI. If for some reason GBCI cannot provide plaintiff with such documentation, he should provide this court with a written statement from GBCI explaining as much. Failure to comply with this order will result in dismissal of this case.

The PLRA has ramifications beyond just the filing fee, however. It also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in*

---

[2] The court will, of course, entertain argument to the contrary, so long as it is supported by binding precedent.

4

*forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the applicable filing fee (which will be determined upon review of the prison trust account statement), or do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **February 5, 2010**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

Accordingly,

**IT IS ORDERED** that plaintiff present the court with the required prisoner trust account statement, or **SHOW CAUSE** as to why such account statement cannot be provided, or is not required.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge